Filed 3/10/26  P. v. Burgos CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B346620 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA090456) |
| v. | |
| DANIEL A. BURGOS, | |
| Defendant and Appellant. | |

THE COURT:

Defendant and appellant Daniel A. Burgos (defendant) appeals from a postconviction order denying his request for resentencing pursuant to Penal Code[1] section 1172.1. Defendant's appointed counsel identified no arguable issues and filed a brief requesting we exercise our discretion to conduct an

---

[1]    All further undesignated statutory references are to the Penal Code.

independent review of the record as set forth in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). Defendant filed a supplemental brief. We conclude the order at issue is not an appealable order and dismiss the appeal.

## BACKGROUND

In 2018, defendant was charged with one count of willful, deliberate, and premeditated attempted murder (§§ 664/187; count 1) and one count of being a felon in possession of a firearm (§ 29800, subd. (a)(1); count 2). As to count 1, the People alleged defendant used a firearm during the commission of the offense within the meaning of section 12022.53, subdivisions (b), (c), (d), and (e)(1). As to counts 1 and 2, the People alleged defendant committed the offense for the benefit of a criminal street gang within the meaning of section 186.22, subdivision (b)(1)(C). Finally, the People alleged defendant suffered a prior serious felony conviction within the meaning of section 667, subdivision (a)(1) and a prior strike conviction pursuant to the "Three Strikes" law (§§ 667, subds. (b)–(j), 1170.12).

In 2021, defendant accepted a negotiated disposition wherein he pleaded no contest to count 1 and admitted a firearm allegation pursuant to section 12022.5, subdivision (a) and a great bodily injury allegation pursuant to section 12022.7, subdivision (a).[2] He also admitted he suffered a prior strike conviction. Defendant was sentenced to an aggregate term of 22 years comprised of nine years in count 1, doubled to 18 years as a

---

[2]     The information was amended to add the firearm enhancement pursuant to section 12022.5, subdivision (a) and the great bodily injury enhancement pursuant to section 12022.7, subdivision (a).

2

second strike, plus four years for the firearm enhancement.  A three-year sentence for the great bodily injury enhancement was stayed.

On February 18, 2025, defendant filed a request for recall of sentence pursuant to section 1172.1  On April 4, 2025, the court issued an order summarily denying defendant's request for recall of his sentence.  Citing section 1172.1, subdivision (c), the court noted "that a defendant is 'not entitled to file a petition' seeking resentencing" and where a defendant makes such a request "the court is not required to respond."  Thus, the court found defendant's "Motion [wa]s not authorized and [wa]s subject to summary denial."

Defendant filed a timely notice of appeal.

## DISCUSSION

Where, as here, appointed counsel finds no arguable issues in an appeal that is not from the first appeal after conviction, we are not required to conduct an independent review of the record. (See *Delgadillo, supra*, 14 Cal.5th at p. 226.)  However, even if we do not independently review the record to identify unraised issues in a case, we give the defendant the opportunity to file his or her own supplemental brief or letter and we then evaluate any specific arguments raised.  (See *id*. at p. 232.)

Counsel provided defendant with a copy of the record on appeal and informed him of his right to file his own supplemental brief.  We notified defendant of counsel's brief and gave defendant 30 days to file his own letter or brief stating any grounds for an appeal, contentions, or arguments he wished to be considered, and if he did not the appeal would be dismissed.

3

Defendant filed a supplemental brief within the time allowed, arguing that the great bodily injury enhancement imposed and stayed was improper because such an enhancement "shall not apply if infliction of great bodily injury is an element of the offense."  Defendant also alleged ineffective assistance of counsel because his court-appointed attorney told him he did not believe he had "a case" and defendant asks this court to review his case.  We conclude that the order issued by the trial court is not appealable, and thus the appeal must be dismissed.

"The right to appeal is statutory only, and a party may not appeal a trial court's judgment, order or ruling unless such is expressly made appealable by statute."  (*People v. Loper* (2015) 60 Cal.4th 1155, 1159.)  Section 1172.1, subdivision (a) provides that the trial court may, "on its own motion, . . . at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law, . . . recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, whether or not the defendant is still in custody, and provided the new sentence, if any, is no greater than the initial sentence."

Section 1172.1, subdivision (c) expressly states, however: "A defendant is not entitled to file a petition seeking relief from the court under this section.  If a defendant requests consideration for relief under this section, the court is not required to respond."  Thus, "'a defendant who chooses to file an unauthorized request for resentencing has no *right* to a ruling.'"  (*People v. Roy* (2025) 110 Cal.App.5th 991, 998, quoting *People v. Hodge* (2024) 107 Cal.App.5th 985, 996.)  Section 1172.1 does not address whether a trial court's dismissal of a defendant's request for recall and

4

resentencing under the statute is appealable.  But several courts, including this court, have interpreted the second sentence in section 1172.1, subdivision (c) to mean that defendants do not have a substantial right at stake when they request recall and resentencing.  (*People v. Brinson* (2025) 112 Cal.App.5th 1040; *People v. Roy*, *supra*, at pp. 998–999; *People v. Faustinos* (2025) 109 Cal.App.5th 687, 696; *People v. Hodge, supra,* at p. 996.)  As *Hodge* explained: "That sentence excuses the trial court from any responsibility to rule on such a request, or even to respond.  It follows that a defendant who chooses to file an unauthorized request for resentencing has no *right* to a ruling.  The defendants may have a liberty interest at stake in any decision as to whether they should remain incarcerated. But a defendant has no right to demand that the trial court actually make such a decision.  If the defendant has no right to a decision, the trial court's choice not to make one does not deprive the defendant of any right, much less a substantial one." (*Hodge*, at p. 996; see *Roy*, at p. 998.)

Conversely, courts have found where the court undertakes to make a resentencing decision on the merits after a defendant has filed a petition pursuant to section 1172.1, defendant is entitled to an appeal. (*People v. Craig* (2026) 117 Cal.App.5th 1165; *People v. Olea* (2025) 115 Cal.App.5th 889.)  In *Craig* and *Olea*, the trial courts reviewed the parties' brief, considered "various documents" including postconviction factors, and, after hearing argument by the parties, the courts denied resentencing. In these cases, the Court of Appeal found "'[c]onsidering the entirety of the actions taken by the trial court following [the defendant's] initial petition—in conjunction with merit-based statements made at the contested final hearing, the trial court effectively evaluated and denied [the defendant's] petition on the

5

merits, thus affecting [the defendant's] substantial rights. [Citation.]  Therefore, we conclude that the trial court's decision is appealable.'" (*Craig, supra,* at pp. 1172–1173, quoting *Olea, supra,* 115 Cal.App.5th at p. 902.)

Because defendant had no right to a response by the trial court, an order summarily denying his request under section 1172.1 cannot be said to affect his substantial rights. Accordingly, the trial court's order was not appealable under section 1237, subdivision (b), and the appeal must be dismissed.

## DISPOSITION

The appeal is dismissed.

CHAVEZ, Acting P. J.     RICHARDSON, J.     GILBERT, J.*

\*      Retired Presiding Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6